

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 1, 1939

Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-766
Re: Transportation system for
county line districts.

We are in receipt of your letter of May 4, 1939, in
which you submit the following questions to this department:

"One. May a county board other than the
one which has been given jurisdiction over
the county line district set up a system of
transportation for a county; that is, may a
county which has surrendered jurisdiction of
a county line district to county still legal-
ly set up a system of transportation for
county wide, including in said system terri-
tory in the jurisdiction of X which has also
set up a system of transportation for said
territory?

"Two. Has district X the legal author-
ity to prevent the invasion of its territory
by other county busses even though said ter-
ritory lies in county line districts?"

Section 11, Acts 1937, 45th Legislature, Second Called
Session, House Bill No. 193, Chapter 60, page 1172, provides,
in part, as follows:

"Transportation Aid — The County Super-
intendents and County School Boards are here-
by authorized to set up a system of transpor-
tation for the purpose of transporting high
school pupils from their districts, and with-
in consolidated districts, to the nearest con-
venient accredited high school, or to any near
high school of higher classification, from the



sending district when designated by the County
Board."

The Act then provides for the payment of transporta-
tion aid under the conditions therein set out.

Article 2742, Revised Civil Statutes, 1925, provides
for the creation of county line districts, and contains the
following provision:

> "Said order shall also designate and
> name some one of the counties having terri-
> tory included in the description of such
> district which shall manage and have con-
> trol of the public schools therein for all
> school purposes."

Article 2744 R.C.S., 1925, provides in part:

> "Common county line school districts
> shall have all the rights, powers and privi-
> leges of common school districts, and for
> all school purposes, shall be managed and
> controlled by the county named in the order
> creating such district * * *".

Article 2742b Sec. 5 provides for the consolidation
of two or more contiguous common school districts lying in
two or more counties and further provides:

> "The returns of said election shall
> be made to the respective boards of county
> school trustees, who shall declare the re-
> sult, and if the consolidation is approved
> * * * the school trustees of each common
> school district voting for consolidation
> shall within ten days meet in joint meet-
> ing and * * * designate the county having
> supervision of said consolidated district
> * * * ".

Article 2742f R.C.S., 1925, as amended, provides for
the creation of common and independent districts out of parts
of other districts and contains the following provision:

> " * * * but the petition for the es-
> tablishment of a county line district as
> provided for herein shall be addressed
> to the County Board of Trustees of the
> county in which the principal school of
> the new district is to be located, and



## 659

administrative jurisdiction of the said
district shall be vested in the County
Board of said county."

We think that the foregoing statutes clearly indicate that when a county line school district is created, and the management and control of the public schools therein is placed in one of the counties having territory in the school district, that county shall have the management and control of the public schools therein for all school purposes, including the establishment of a transportation system.

It is our opinion that the county having the control and management of a county line school district is authorized to set up the system of transportation for said district, and the County Boards of other counties which may have territory included within such county line district are without authority to establish a system of transportation therein.

With reference to your second question, it is our opinion that the County Board of School Trustees of the county authorized to set up the transportation system for a county line district would not be authorized to prevent the "invasion of its territory by other county busses" by self help, or force of arms, and if they should resort to the courts we have no means of determining what allegations might be contained in their petitions, or what facts might be developed upon the trial. We think that it is reasonable to assume that the various County Boards of Trustees will comply with the law when advised of their authority.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

APPROVED
OPINION
COMMITTEE
BY _RWF_
CHAIRMAN

CCC-MR

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS